

FILED
May 02, 2018
07:56 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| EDWARD OGLESBY, | ) | Docket No.: 2017-08-1148 |
| Employee, | ) | |
| v. | ) | |
| | ) | |
| UNITED PARCEL SERVICE. INC., | ) | State File No.: 68608-2017 |
| Employer, | ) | |
| And | ) | |
| LIBERTY MUTUAL INS. CO., | ) | Judge Deana C. Seymour |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

Mr. Oglesby requested medical and temporary disability benefits for an injury on September 4, 2017. UPS denied his claim on grounds that he violated a safety rule. The Court heard the contested issues at an Expedited Hearing on April 6, 2018, and holds UPS failed to establish it would likely prevail on its defense at a hearing on the merits. Thus, the Court holds Mr. Oglesby is entitled to medical benefits but finds he did not present sufficient evidence to prove entitlement to temporary disability benefits at this time.

### History of Claim

Mr. Oglesby was a plant engineering mechanic for UPS. On September 4, he attempted to repair a stopped conveyor belt on an unloader machine. The power to the unloader was on, but the belt was not moving. An illuminated belt-tracking light on the control panel indicated the conveyor belt was off track. He noted the conveyer belt was misplaced further off track than other belts he had seen. He concluded the conveyer belt stopped because it had tracked off line.

Mr. Oglesby elected to adjust the pulley located underneath the front of the unloader to center the belt to track properly. The unloader was powered up and had the ability to run, so Mr. Oglesby chose to perform a live (power on) tracking repair to see the belt run as he adjusted the pulley. Mr. Oglesby stated that he asked a hub operations

1

manager, Nate Barker, to stand by the power disconnect panel to turn the unloader off during repair if necessary.[1] He lay on his back and removed a guard to determine where to make the belt adjustments.[2] The belt began to move and pulled Mr. Oglesby's right arm into the unloader. Mr. Barker heard Mr. Oglesby's scream and hit the disconnect switch.

Rodney Robinson, UPS's facility engineering manager, described Mr. Oglesby as a good, safety-conscious employee but testified that he should have powered off the unloader while he inspected it.[3] Mr. Oglesby could then have elected to turn on the machine and perform a live conveyor repair if necessary. Mr. Robinson acknowledged UPS's safety rules did not require an employee to turn off the unloader before performing a live repair. Mr. Robinson testified that once Mr. Oglesby determined what he needed to repair the conveyer, "it's his discretion whether it's a live conveyor repair."

Mr. Robinson further testified he visited Mr. Oglesby in the hospital where Mr. Oglesby told him that he reached for debris "and the next thing he knew, he was hung in the machine." Mr. Oglesby did not recall that exchange with Mr. Robinson and denied he grabbed debris while beneath the unloader. Mr. Robinson said he did not see paper or debris at the scene.

Mr. Robinson sent an email to UPS's human resources and his management team regarding Mr. Oglesby's admission. Mr. Robinson testified that UPS determined the belt stopped because the belt tracking switch activated, but UPS did not know what activated the switch. Andy Holliman, plant engineering supervisor, testified by deposition that, in his opinion, a live conveyor repair cannot be performed on a nonmoving conveyor belt. However, he did not see Mr. Oglesby working on the conveyor belt on September 4, and he agreed he did not know why the conveyor stopped.

Nate Barker testified he saw Mr. Oglesby initially disconnect the power from the unloader, then reconnect the power before he began his repair.[4] Mr. Barker was standing near the emergency disconnect button when he heard Mr. Oglesby scream and immediately hit the emergency stop to turn off the unloader.

---

[1] Nate Barker denied Mr. Oglesby asked him to stand by the power disconnect. UPS argued Nate Barker did not know about live conveyor repair but conceded he was a member of management.

[2] Mr. Ogelsby used a key he was authorized to carry to unlock the machine guard.

[3] Mr. Robinson testified in person at trial, and his deposition, containing twenty-one exhibits, was introduced into evidence. The Court reviewed the deposition, considered all objections, and accepted all testimony and exhibits in reaching its decision.

[4] Mr. Oglesby testified he did not remember disconnecting the power from the unloader or Mr. Barker asking him if he intended to disconnect the power before returning underneath the unloader.

UPS denied Mr. Oglesby's claim, asserting he willfully violated a safety rule when he failed to "lock out and tag out," which means he failed to power-off the machine before crawling underneath it. UPS contended that violation of this rule barred Mr. Oglesby's claim.

For his part, Mr. Oglesby asserted he was performing a "live conveyor repair" under UPS' safety policy and procedures, consistent with his experience and training. He testified this routine repair allowed him to inspect the conveyor belt as he adjusted the pulley to move the belt on line.

## Findings of Fact and Conclusions of Law

### Standard applied

The parties stipulated the injury occurred at work.

UPS bears the burden of proof on the essential elements of its affirmative defense. *Roper v. Allegis Group,* 2017 TN Wrk. Comp. App. Bd. LEXIS 14 (Feb. 10, 2017). It must present sufficient evidence from which this Court might determine it is likely to prevail on its defense at a hearing on the merits.

### Misconduct defense

Tennessee Code Annotated section 50-6-110(a)(4) (2017) provides that no compensation shall be allowed for an injury due to an employee's "willful failure or refusal to use a safety device." After careful consideration, the Court holds UPS is unlikely to meet its burden of establishing all elements of this defense at a hearing on the merits.

In *Mitchell v. Fayetteville Pub. Utils.,* 368 S.W.3d 442 (Tenn. 2012),[5] the Supreme Court held that an employer must prove the following to prevail on a safety rule defense: (1) the employee's actual, as opposed to constructive notice of the rule; (2) the employee's understanding of the danger involved in violating the rule; (3) the employer's bona fide enforcement of the rule; and, (4) the employee's lack of a valid excuse for violating the rule. *Id.* at 453.

Here, the proof shows that UPS trained Mr. Oglesby in all areas of its policies and procedures, which included lock out/tag out and live tracking repairs. UPS provided him with training materials and courses related to maintenance and tracking repairs. Mr. Oglesby acknowledged his extensive training through UPS. He diagnosed the belt tracking issue without having to turn off the unloader. Mr. Oglesby intended to perform a

---

[5] The Appeals Board cited *Mitchell v. Fayetteville Pub. Utils.* as applicable to cases under the Reform Act of 2013 in *Gonzales v. ABC Prof' l Tree Servs.,* 2014 TN Wrk. Comp. App. Bd. LEXIS 2 (Nov. 20, 2014). The *Mitchell* Court also noted that the violation of a safety rule is analogous to willful failure to use a safety device. 368 S.W.3d at 453.

3

"live conveyor repair" under UPS's safety policy and procedures, consistent with his experience and training. Mr. Robinson acknowledged that UPS's rules do not require that an employee turn off the unloader to make this repair and that the decision to undertake a live conveyor repair is discretionary.

Based on this evidence, the Court cannot conclude that Mr. Oglesby violated a safety rule. To the contrary, at this time, the evidence shows he performed the task in an acceptable manner. The evidence is insufficient to show that Mr. Oglesby intentionally violated a safety rule.

Thus, the Court holds UPS failed to establish it would likely prevail on its defense at a hearing on the merits and that Mr. Oglesby has shown he is likely to prevail at a hearing on the merits regarding his claim for benefits.

*Medical Benefits*

Having found Mr. Oglesby is likely to prevail at a hearing on the merits, the Court holds he is entitled to medical benefits in accordance with Tennessee Code Annotated section 50-6-204 (2017). Therefore, UPS "shall furnish [Mr. Oglesby] . . . such medical and surgical treatment . . . made reasonably necessary by [his] accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A). In addition to payment of medical bills incurred to date, UPS shall furnish Mr. Oglesby a panel of physicians competent to treat his injuries related to the claim.

*Temporary Disability Benefits*

To establish entitlement to temporary disability benefits, Mr. Oglesby must show (1) he became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and his inability to work; and (3) the specific duration of his disability. *Jones v. Crencor*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Here, Mr. Oglesby did not establish the time he was unable to work because of his injury. Therefore, the Court finds Mr. Oglesby did not present sufficient evidence to demonstrate his entitlement to temporary disability benefits at this time. The Court notes that Mr. Oglesby sustained a substantial right arm injury and has not yet returned to work. Therefore, the parties may determine the amount of temporary disability benefits to which Mr. Oglesby is entitled. Otherwise, Mr. Oglesby may file a request for hearing to present proof to the Court related to this issue.

**IT IS, THEREFORE, ORDERED** as follows:

1. UPS shall pay for medical treatment incurred to date and provide Mr. Oglesby with a panel of physicians pursuant to Tennessee Code Annotated section 50-6-204.

2. Mr. Oglesby's request for temporary disability benefits is denied at this time.

3. This matter is set for a Scheduling (Status) Hearing on **June 11, 2018, at 10:00 a.m. Central Time. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.**

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov .

ENTERED this the ⟋⟍⟋ day of May, 2018.

**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

5

# APPENDIX

Exhibits:
1. Affidavit of Edward Oglesby
2. Medical bills from Regional One Health
3. 2017 Compliance/CHSP Assessment – Lockout Authorized Employee – DOK
4. Safe Work Methods – Plant Engineering – Training Form
5. Certificate of Completion 0193 – HS CBT Lockout dated May 24, 2017
6. CHSP/4:1 Process Observation Form: P/E Mechanic
7. Certificate of Completion 0193 - HS CBT Lockout dated February 1, 2017
8. Annual Periodic Inspection and Employee Observation Form
9. Form C-20 Employer's First Report of Work Injury or Illness
10. Form C-23 Notice of Denial of Claim for Compensation
11. Form C-41 Wage Statement
12. Deposition transcript of Rodney Robinson with exhibits
13. Deposition transcript of Andy Holliman
14. Deposition transcript of Edward Oglesby


Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. UPS's Expedited Hearing Submission
5. Mr. Oglesby's Pre-Hearing Brief

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 2nd day of May 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| William Ryan, Employee's Attorney | | | X | billy@donatilaw.com |
| Garrett Estep, Employer's Attorney | | | X | gestep@farris-law.com |

Penny Shrum, Clerk
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov